[Cite as *Finley v. Dept. of Rehab. & Corr.*, 2010-Ohio-6183.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEITH FINLEY

    Plaintiff

    v.

DEPT. OF REHABILITATION AND CORRECTIONS

    Defendant

    Case No. 2009-08535-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)    Plaintiff, Keith Finley, an inmate incarcerated at defendant's Southern Ohio Correctional Facility (SOCF), filed this action alleging multiple items of his personal property were lost or stolen while under the control of SOCF staff. Plaintiff explained he was transferred from the SOCF general population to a segregation unit on April 1, 2009 and his personal property was packed and stored in the SOCF property vault until his release from segregation. Plaintiff asserted that when he regained possession of his property on September 4 or 8, 2009, he discovered several items were missing including: a radio cassette player, a wedding band, thirteen t-shirts, nine pairs of socks, five pairs of boxer shorts, an equalizer, and one microwave bowl. Plaintiff valued the alleged missing property items at $915.55. In his complaint, plaintiff requested damages in the amount of $2,500.00 for property loss. Payment of the filing fee was waived.

{¶ 2} 2)    Plaintiff submitted a copy of his April 1, 2009 "Inmate Property Record" (Inventory) compiled when he was originally transferred to segregation. All

alleged missing property items are listed on this inventory.

**{¶ 3}** 3)    Defendant acknowledged plaintiff was placed in a security control unit on April 1, 2009 and his personal property was inventoried, packed, and delivered into the custody of SOCF staff.  Defendant explained that plaintiff's security control status was altered when he was assigned to Level 4B on April 16, 2009 and he was consequently permitted to regain possession of some property items that had been stored in the SOCF property room since April 1, 2009.  Defendant further explained the SOCF employee who returned property on April 16, 2009 used the April 1, 2009 inventory designating the returned property by circling the items listed on this inventory. Both plaintiff and defendant submitted copies of the April 1, 2009 property inventory which bears the notation "4B Breakdown 4-16-09."  However, the inventory copy defendant submitted bears a circle around "Radio" and "Ring/Wedding," but the inventory copy plaintiff submitted does not show any circled items.  Defendant noted the remainder of plaintiff's property listed on the April 1, 2009 inventory was returned to his possession on September 8, 2009 when he "was moved (from) 4B to 4A."  On September 15, 2009 plaintiff reported the loss of a radio and a wedding ring and an "Inmate Property Theft/Loss Report" (Theft Report) was filed by SOCF staff incident to this report.  Defendant submitted a copy of this Theft Report which contains information showing plaintiff claimed his wedding ring and radio had been lost or stolen on or about September 8, 2009.  According to the Theft Report documentation, SOCF personnel searched "long term storage" and conducted a "cell search" for plaintiff's property but were unable to locate a wedding ring or radio.  The Theft Report does not list any additional missing property  Defendant maintained that all of plaintiff's property listed on the April 1, 2009 inventory was subsequently returned to his possession.

**{¶ 4}** 4)    Plaintiff filed a response insisting his wedding ring and radio were lost or stolen while under the control of SOCF personnel.

CONCLUSIONS OF LAW

**{¶ 5}** 1)    In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 6} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 7} 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 8} 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 9} 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} 7) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive regarding the loss of any property.

{¶ 12} 8) Plaintiff has failed to prove a causal connection between the claimed property loss and any breach of duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD.

{¶ 13} 9) Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was lost or stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEITH FINLEY

    Plaintiff

    v.

DEPT. OF REHABILITATION AND CORRECTIONS

    Defendant

    Case No. 2009-08535-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Keith Finley, #488-936
P.O. Box 45699
Lucasville, Ohio  45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction

770 West Broad Street
Columbus, Ohio  43222

RDK/laa
7/2
Filed 8/6/10
Sent to S.C. reporter 12/10/10